61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Yvonne P. PUDDER, a/k/a Yvonne P. Cromar, a/k/a Yvonne P.
Cromar-Pudder, Plaintiff-Appellant,
v.
G.D. SEARLE & COMPANY, Defendant-Appellee,
Yvonne P. PUDDER, a/k/a Yvonne P. Cromar, a/k/a Yvonne P.
Cromar-Pudder, Plaintiff-Appellant,
v.
BIOCRAFT LABORATORIES, INC. Defendant-Appellee,
Yvonne P. PUDDER, a/k/a Yvonne P. Cromar, a/k/a Yvonne P.
Cromar-Pudder, Plaintiff-Appellant,
v.
PFIZER, INC., a Pratt Pharmaceuticals Division, Defendant-Appellee,
Yvonne P. PUDDER, a/k/a Yvonne P. Cromar, a/k/a Yvonne P.
Cromar-Pudder, Plaintiff-Appellant,
v.
WYETH AYERST DIVISION OF AMERICAN HOME PRODUCTS
CORPORATION-ORUDIS, Defendant-Appellee,
Yvonne P. PUDDER, a/k/a Yvonne P. Cromar, a/k/a Yvonne P.
Cromar-Pudder, Plaintiff-Appellant,
v.
R.W. WOODRUFF; A. Lueero; A. Danuels; I. O'Hara, RN;
Memorial Hospital of Las Cruces, New Mexico,
Defendants-Appellees.
 Nos. 95-1027, 95-1028, 95-1029, 95-1030, 95-1031.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Yvonne P. Pudder appeals the decisions of the district court in five separate cases. In each of these cases, Ms. Pudder attempted to file her pro se complaint and in each of these five cases the district court refused to grant permission to proceed in forma pauperis, finding the complaints frivolous under 28 U.S.C.1915(d). We grant permission to proceed in forma pauperis so we can reach the merits.
 
 
 3
 Ms. Pudder is an unrelenting pro se litigant who has abused the process and the system time and time again. She has filed at least thirty-two complaints in the United States District Court for the District of Colorado. The district court has placed restrictions upon her ability to file additional lawsuits without first obtaining leave of that court. Her failure to abide by the terms and conditions of that previous order has led to the present five appeals. Additionally, she has previously filed unmeritorious appeals to this court. See Cromar v. Irwin (Cases Numbered 94-1272, 94-1397, and 94-1399, Order and Judgment filed 3/23/95, 10th Cir.1995).
 
 
 4
 The present five cases result from the district court's finding that Ms. Pudder failed to comply with the procedures previously required of her to file additional pro se complaints in the District Court of Colorado. Ms. Pudder's violations of that order are patently clear and support the district court's dismissal of these suits.
 
 
 5
 The present appeals to this court are unreasoned and consist primarily of rhetorical questions (or perhaps threats) such as asking how the district judge would feel if someone killed his children and frivolous accusations that the district court is biased against her. Her appeals utterly fail to discuss the reasons for the district court's actions. Her complaints and her appeals to this court merit no further discussion. The judgments of the district court are correct.
 
 
 6
 The five appeals above described lack merit and fail to comply with the rules of this court. The judgments of the district court denying Ms. Pudder leave to proceed in forma pauperis are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470